## In re Societa Di Soccorso Independente Roma E Provincia.

*Application for charter — Refusal on ground of similarity of name to another corporation.*

Whether an application for a charter for a corporation of the first class to which exception is taken by an existing corporation on the ground that the name adopted is similar to the name of the exceptant will be refused depends upon whether the names are so similar as to mislead the public and cause confusion; a charter was refused a beneficial society which desired to be incorporated under the name of Societa Di Soccorso Independente Roma E Provincia (Independent Mutual Benefit Society of Rome and The Province), on exception thereto being taken by an older beneficial society bearing the name of The Societa Italiano di Mutuo Soccorso Roma E Provincia (Italian Mutual Beneficial Society of Rome and The Province).

Application for charter. C. P. No. 2, Phila. Co., June T., 1922, No. 5663.

*J. F. M. Baldi, 2nd,* for petitioners; *E. V. Alessandroni,* for exceptants.

BARRATT, P. J., April 25, 1923.—This was an application by a beneficial society for incorporation under the name Societa Di Soccorso Independente

3 D. & C.

In re Societa Di Soccorso Independente Roma E Provincia.

Roma E Provincia (Independent Mutual Benefit Society of Rome and The Province).

Exception to the incorporation under the name proposed was made by an older beneficial society bearing the name The Societa Italiano di Mutuo Soccorso Rome E Provincia (Italian Mutual Beneficial Society of Rome and The Province).

The application was referred to a master, Luther E. Hewitt, Esq.

The master has filed his report, wherein he states that he informed the counsel for the petitioners, Joseph F. M. Baldi, 2nd, Esq., that he could not recommend the grant of the charter desired under the name as first hereinbefore recited, for the reason that there was not sufficient distinction between that and the name of the older and objecting association. The counsel for the petitioners advised his clients to adopt some distinguishing word or phrase. The master suspended proceedings for a season of time in order to afford the two associations opportunity to agree on some distinguishing term or phraseology. Time went by without result, and with no prospect of result, and the counsel for petitioners finally withdrew from the case and gave the master notice to that effect. The master in his report records appreciation of the zeal and ability of said counsel in endeavoring to reconcile his clients to the idea of some necessary distinguishing feature in the name.

The secretary of the petitioning society abandoned their petition, as stated in a letter by their secretary to the master, wherein the secretary said: "I beg to inform you that the Societa di Mutuo Soccorso Independente Roma y Province is no more in existence."

The atttorney for the objecting society, nevertheless, desired the master to hear his clients. The master accordingly, having notified both parties, held a meeting, wherein instances of confusion and misunderstanding, owing to the similarity of names, were given in evidence. This meeting was not attended by the petitioners.

It is clear that the master was correct in his course and conclusion of law. A reference to a few cases in the law reports of this State are of interest as supporting this opinion.

In the case of American Clay Manuf. Co., 198 Pa. 189 (1901), Mr. Justice Mitchell said: "Lord Halsbury said, 'The real question is in a single sentence: Is this name so nearly resembling the name of another firm as to be likely to deceive?' "

In First Presbyterian Church of Harrisburg, 2 Grant, 240 (1858). A church society desired incorporation under the name of the "First Presbyterian Church of Harrisburg." The application was to the Supreme Court. The court refused to approve the charter under the name stated, for the reason that there existed already in Harrisburg a church whose corporate name was "The English Presbyterian Congregation of Harrisburg." An opinion was filed by the court, per Chief Justice Lowrie, who said: "We think the names are too nearly alike. The older church is naturally called, in common parlance, at home, the Presbyterian Church, and abroad, its location, Harrisburg, is added. The qualification, English, is quite naturally dropped as surplusage, when the whole Presbyterian population is English, and the words church and congregation are used indiscriminately. In common parlance, therefore, the names are the same, and this will force each to accept, in common parlance, a new name. . . . We do not think that we ought to approve a name to the new church that will thus force a new name upon the older one. . . . There is no limit to the varieties of designation that are open to the choice of the new church, and we are sure that they have invention

In re Societa Di Soccorso Independente Roma E' Provincia.

enough to select a suitable one. We do not approve of the charter with this corporate name."

In In re Sons of Progress (Penna.), 14 W. N. C. 31 (1883), in Common Pleas No. 4, Philadelphia, there was an application for a charter under the name the "Grand Lodge of the Independent Order Sons of Progress." Exceptions to this title were filed by the "Grand Lodge of the Order Sons of Progress." The exceptions were sustained, Arnold, J., saying: "The word 'Independent' is simply descriptive. The true name is 'Sons of Progress.'"

In Quemahoning Valley Coal Co., 13 Dist. R. 446, 28 Pa. C. C. Reps. 669 (1903), Attorney-General Carson declined to approve the application for a charter under the name recited, and suggested that petitioners amend their title to read "The Quemahoning Valley Mining Company." The Attorney-General recognized the right of the applicants to the geographical name, "Quemahoning," but was of opinion that distinguishing words should be added, there being already in existence "The Quemahoning Coal Company," who objected to the name proposed for the new company. Furthermore, the Attorney-General declined to consider the word "Valley" as sufficient distinction, the words "Quemahoning Valley" being merely descriptive of locality.

The petitioners having failed to submit a name distinguishing their society from the older society, in the case before the court, the report of the master recommending a dismissal of the petition for incorporation under the name presented is approved, and the exceptions of the objecting society are sustained. The charter is refused and the petition dismissed.